**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 95-20657**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**MINISTER DAVID IREDIA,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
For the Southern District of Texas

(95-CR-24-1)
_____

December 11, 1996

Before REYNALDO G. GARZA, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

On February 22, 1988, Minister David Iredia was sentenced, following a conviction by a jury, for 13 counts of credit card fraud. He served time in prison for seven counts and was placed on probation for the remaining six counts after the court suspended

_____

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

sentence for each of those six counts. Iredia was subsequently deported to Nigeria on September 1, 1993.

Iredia illegally reentered the United States in October 1993, and was arrested again on January 28, 1994, by agents of the Immigration and Naturalization Service ("INS") in the Woodlands, Texas. The INS instituted deportation proceedings and on March 8, 1994, an order was issued for Iredia's deportation from the United States. On March 16, 1994, before his deportation, Iredia was arrested by a United States Marshal at the Immigration Detention Center for violating the probationary sentence imposed for his 1988 credit card conviction. Iredia was found guilty of violating his probation by illegally reentering the United States and was sentenced to three years imprisonment.

Upon his release from prison for the probation violation, Iredia was returned to Houston pursuant to a detainer filed by the INS, and was charged with illegally reentering the United States after deportation, a violation of 8 U.S.C. § 1326. On August 11, 1995, Iredia entered an oral conditional plea. Following the plea, the district court allowed Iredia to waive a Presentence Investigation Report ("PSI") and sentenced him that same day. The district court imposed a sentence of 21 months imprisonment followed by a three year term of supervised release. Iredia filed a timely notice of appeal.

**ANALYSIS**

Iredia raises three issues on appeal. First, he contends that the district court erred by refusing to dismiss the indictment charging him with violating 8 U.S.C. § 1326 because the government failed to comply with the Speedy Trial Act, 18 U.S.C. § 3161, by holding him in custody for purposes of both immigration and criminal prosecution. We hold that Iredia's civil arrest in January 1994 in connection with his illegal status in this country was carried out pursuant to the INS's lawful function regarding deportation and, therefore, did not implicate the Speedy Trial Act. Iredia offers nothing to show that the subsequent criminal charge of illegally reentering the United States merely "gilds" the initial charge of violating his probation for the 1988 credit card conviction. *See **United States v. Giwa***, 831 F.2d 538, 541 (5th Cir. 1987) (an arrest on one charge does not trigger the right to a speedy trial on another charge filed after the arrest unless the subsequent charge "gilds" the initial charge)*; and see **United States v. Cepeda-Luna***, 989 F.2d 353, 355 (9th Cir. 1993) (civil detention does not trigger the right to a speedy trial unless the civil detention is merely a ruse to avoid the Speedy Trial Act).

Next, Iredia argues that the district court erred in failing to advise him that, if his guilty plea was accepted, there would be no trial of any kind and that he would be waiving a jury trial. Iredia contends that the district court's failure to advise him of

3

this fact violated FED. R. CIV. P. 11(c)(4). After reviewing the record in this case, we hold that Iredia knew and fully comprehended that he had waived his right to a trial. He was represented by experienced defense counsel and Iredia stated that he was pleading guilty because he was guilty and did not wish to waste the court's time. As such, we find that the district court's failure to advise Iredia that he would be waiving his right to a jury trial upon the acceptance of his plea of guilty was harmless error. *See **United States v. Johnson***, 1 F.3d 296, 302 (5th Cir. 1993) (en banc).

Finally, Iredia contends that the district court erred by sentencing him without first ordering a PSI under FED. R. CRIM. P. 32(b). However, the district court had the benefit of examining Iredia's prior presentence files and the record contained ample information to support the district court's findings. As such, the district court's decision to sentence Iredia without the benefit of a new PSI was not clear error.

## CONCLUSION

We have carefully reviewed the briefs, the reply brief, the record excepts and relevant portions of the record itself; and for the foregoing reasons, the judgment of the district court should, in all things, be

**AFFIRMED.**

4